UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-CR-

BRIAN MADL,

Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorney, John Scully, Assistant United States Attorney, and the defendant, Brian Madl, individually and by attorney Kathleen Quinn, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2. The defendant has been charged in a one-count information, which alleges a violation of Title 26, United States Code, Section 7202.

3. The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the information set forth in full as follows:

*THE UNITED STATES CHARGES THAT:*

*On or about January 31, 2022, in the State and Eastern District of Wisconsin and elsewhere,*

***BRIAN MADL,***

*who was required to collect, account for, and pay over federal income taxes, Social Security taxes, and Medicare taxes from the total taxable wages of the employees of Whitewater Wideband LLC, did willfully fail to truthfully account for and pay over to the Internal Revenue Service payroll taxes in the approximate amount of $37,863.99 that were due and owing to the United States of America for the fourth quarter of 2021 (ending December 31, 2021).*

*In violation of Title 26, United States Code, Section 7202.*

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> *Madl founded, owned, and operated Whitewater Wideband LLC (WWL), a company that provided internet service to parts of Walworth County, Wisconsin. During 2019 through 2023, WWL had from 5 to 12 employees.*
>
> *Under federal law, an employer like WWL is required to collect payroll taxes, which include federal income taxes, Social Security taxes, and Medicare taxes, from the wages paid to its employees and pay over these taxes to the United States through the Internal Revenue Service (IRS). Because these taxes are funds belonging to the employee that the employer withholds and pays over on behalf of the employee, they are referred to as the "trust fund" portion of payroll taxes. The employer is also required to pay (from its own funds) an amount equal to the employee's Social Security and Medicare taxes. This amount is referred to as the "matching" portion of payroll taxes. Federal law further requires an employer to file with the IRS quarterly payroll tax returns (Forms 941) reporting the total wages paid to its employees during the quarter and the corresponding payroll taxes due and owing to the United States. These quarterly returns must be filed by the last day of the month following the end of the quarter in question.*

*WWL failed to file Forms 941 for 18 quarters, from 2019 through 2023. Madl was the individual responsible for filing the Forms 941 and paying over the payroll taxes. When interviewed by IRS-CI, he admitted that he withheld the taxes from employees' paychecks but failed to pay the taxes over. Madl said he ran the whole company and made all its business and financial decisions.*

*Madl also said that his return preparer would ask him if he paid the payroll taxes. His return preparer gave Madl Forms 941 to mail the returns and pay the taxes. Emails provided by the return preparer confirmed that he and Madl discussed filing and paying these taxes.*

*During the relevant quarters in 2019 through 2023, Madl willfully withheld from employee wages and failed to pay to the IRS approximately $393,480.69. Including WWL's matching employer portion of the payroll taxes for the same quarters as relevant conduct, the tax loss increases to approximately $643,668.12. He has since sold his business, removed himself from a position as a person with the duty to account for and pay over payroll taxes, and paid what he owed in taxes, interest, and penalties, totaling over $1.2 million.*

*Madl knew his obligations to file the returns and pay the taxes. When IRS-CI agents came to interview him, he said he knew they were there because he did not pay WWL's payroll taxes and stuff was missing. He said he dropped the ball and it was his fault. Madl also made decisions about what bills WWL would pay. Instead of paying over the withheld taxes, he used business funds for personal expenses, including toward the construction of his new house and related expenses, and for the purchase of multiple vehicles.*

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

**PENALTIES**

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: five years and $250,000. The count also carries a mandatory special assessment of $100 and a maximum of three years of supervised release.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of willful failure to truthfully account for and pay over taxes to the IRS, as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant was a person who had a duty to collect, account for truthfully, and pay over the federal payroll taxes in question;
>
> Second, the defendant failed to account for truthfully and pay over the taxes; and
>
> Third, the defendant acted willfully.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 20 under Sentencing Guidelines Manual §§ 2T1.6(a), 2T4.1(H).

17. If the sentencing court determines that the defendant does not have any criminal history points and otherwise meets all of the criteria listed in Sentencing Guidelines Manual § 4C1.1(a), then the government will agree to recommend to the sentencing court that a 2-level decrease is applicable pursuant to § 4C1.1(a) of the Sentencing Guidelines.

## Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion

recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

**Sentencing Recommendations**

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence no greater than 14 months' imprisonment.

**Court's Determinations at Sentencing**

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Fine

25. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, venue, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

**Further Civil or Administrative Action**

31 The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

**MISCELLANEOUS MATTERS**

32. In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government would be required to produce Rule 16 Material, and would further be required to produce material pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Fed R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), and Jencks Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the

Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

## GENERAL MATTERS

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

35. The parties acknowledge, understand, and agree that the United States Attorney's Office is free to notify any local, state, or federal agency of the defendant's conviction.

### Further Action by Internal Revenue Service

36. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

37. The defendant agrees to transmit his original records, or copies thereof, to the Examination Division of the Internal Revenue Service so that the Examination Division of the Internal Revenue Service can complete its civil audit of the defendant. The defendant agrees to provide any additional books and records of his which may be helpful to the Examination Division of the Internal Revenue Service to complete its civil audit of defendant.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the

government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 8/20/2026

BRIAN MADL
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/20/2026

KATHLEEN QUINN
Attorney for Defendant

For the United States of America:

Date: 8/20/26

JOHN P. SCULLY
Assistant United States Attorney